LETTS, Judge.
In the interim between entering into a contract to sell his land and the final closing thereof, the seller improperly sold fill from the land in question to a third party for $240,000. The purchaser claims that $240,000. We agree he should be entitled to it.
The trial court likewise concluded that the purchaser had been damaged by the illegal sale of the fill, but computed those damages on a per acre removed cost, vis-a-vis the total acreage being sold, resulting in a purchase price reduction of $122,067. As the seller and the trial court saw it, when land is permanently damaged, the proper assessment of damages is the difference between the value of the land before and after the injury. See Atlantic Coast Line R. Co. v. Saffold, 130 Fla. 598, 178 So. 288 (1938). Thus, since the purchaser here lost 2§ acres, that is what he should be compensated for. We disagree.
The seller’s breach here was deliberate and he should not be permitted to profit by his own wrong and enjoy a windfall profit of $117,933. The purchaser, under the facts and circumstances of this case, is entitled to the fruits of this wrongfully received windfall. See Laurin v. DeCarolis Construction Co., 372 Mass. 688, 363 N.E.2d 675 (1977). The purchaser should be entitled to the value of the materials removed which is readily determined from the record at $240,000[1].
We find no merit in the other points on appeal.
Accordingly, this cause is affirmed in part and reversed in part and remanded for *773 the entry of final judgment in favor of the purchaser in conformance herewith.
AFFIRMED IN PART, REVERSED IN PART.
HURLEY, J„ and LEVY, DAVID L., Associate Judge, concur.

. Both parties agree that the cost of restoration of the land would be an inappropriate remedy since the cost of the restoration would greatly exceed the diminution in the value of the property. United States Steel Corp. v. Benefield, 352 So.2d 892 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 881 (Fla.1978).